Andy Francois Nortelus

Plaintiff,

V.

Experian Information Solutions, Inc.,

Defendant.

Civil Action No.

JURY TRIAL DEMANDED

## COMPLAINT

I, Andy Francois Nortelus ("Mr. Nortelus"), proceeding pro se, bring this action against Experian Information Solutions, Inc. ("Experian"), and state as follows:

## PRELIMINARY STATEMENT

1.     This is an action for actual damages, statutory damages, and costs brought by Mr. Nortelus against Experian for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA").

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, which provides that any action under the FCRA may be brought in any appropriate United States district court.

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Mr. Nortelus resides in Revere, Massachusetts, within the District of Massachusetts, and a substantial part of the events giving rise to this claim occurred in this district.

## PARTIES

4.      Mr. Nortelus is a natural person residing in Revere, Massachusetts. He is a "consumer" within the meaning of 15 U.S.C. § 1681a(c).

5.      Experian Information Solutions, Inc. ("Experian") is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business at 475 Anton Blvd., Costa Mesa, California 92626.

6.      Experian is a nationwide Consumer Reporting Agency ("CRA") as defined by 15 U.S.C. § 1681a(f), in that, for monetary fees, dues, and/or on a cooperative nonprofit basis, it regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and uses means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically the mail and the internet. As a CRA, Experian is aware of its obligations under the FCRA.

## FACTUAL ALLEGATIONS

### Mr. Nortelus's March 2026 Consumer Disclosure

7.      On or about March 11, 2026, Mr. Nortelus requested and received a copy of his consumer credit disclosure from Experian via annualcreditreport.com. The disclosure bears Report No. 1583-5738-66 and is dated March 11, 2026 ("Experian's Disclosure"). SEE PLAINTIFF'S EXHIBIT A.

8.      Pursuant to 15 U.S.C. § 1681g(a), upon receipt of Mr. Nortelus's request, Experian was required to clearly and accurately disclose all information in Mr. Nortelus's file at the time of his request.

### Inaccurate Reporting: Capital One Business Card (Account No. 511379XXXXXXXXXX)

9.      Experian's Disclosure shows a Capital One Business Card account (Account No. 511379XXXXXXXXXX) with a reported balance of $330 and a stated credit limit of $300 as of the date of the disclosure.

10.     A reported balance of $330 against a credit limit of $300 means that Experian is reporting to third parties a balance that exceeds the account's credit limit by $30. This is inconsistent data within Experian's own file: either the balance is overstated, the credit limit is understated, or Experian has failed to update the credit limit to reflect an increase that was already on file. In any of those cases, Experian is furnishing a consumer report that does not accurately reflect the actual status of this account.

11.     On information and belief, Experian has disseminated this consumer report, including the Capital One Business Card tradeline with its inconsistent balance and credit limit figures, to third parties in connection with applications for credit submitted by Mr. Nortelus.

12.     The reporting of a balance that exceeds the stated credit limit on a tradeline signals to prospective lenders and creditors that the consumer has exceeded his credit limit, which may indicate financial distress or mismanagement. This inaccuracy is material to any creditworthiness determination and is damaging to Mr. Nortelus.

**Inaccurate Payment History: Macys/Citibank NA (Account No. 603534XXXXXXXXXX)**

13.     Experian's Disclosure shows a Macys/Citibank NA charge card account (Account No. 603534XXXXXXXXXX) that was closed in December 2025 with a current balance of $0. The disclosure reflects a 30-day delinquency in September 2024 and a 60-day delinquency in October 2024.

14.     In the balance history section for this account, Experian has recorded an identical payment date of November 22, 2024, in the "Paid" field for every single month from July 2024 through November 2025, a span of seventeen months.

15.     This identical payment date appears across months that predate November 22, 2024, including the months of July 2024, August 2024, September 2024, and October 2024, which is impossible. A payment made on November 22, 2024 cannot be the payment applied to obligations from July, August, September, or October 2024.

16.     The balance history for September 2024 reflects an outstanding balance of $15 and a scheduled payment of $2. The balance history for October 2024 reflects an outstanding balance of $32 and a scheduled payment of $17. Both months also show delinquencies, 30 days for September and 60 days for October. Yet Experian records the "paid" date for both of those months as November 22, 2024. This is a direct internal inconsistency: the same account record simultaneously reflects delinquent status and a retroactive payment date that erases the

chronological record.

17.     The uniform payment date of November 22, 2024, applied across all seventeen months of balance history is not a reflection of actual payment-by-payment activity. It appears to be a system artifact, a static default date populating multiple fields rather than actual payment data. This means Experian is reporting fabricated or placeholder payment information in place of the actual payment history Mr. Nortelus had on this account.

18.     On information and belief, Experian has disseminated this consumer report, including the Macys/Citibank NA tradeline with its inaccurate and internally inconsistent payment history, to third parties in connection with credit applications submitted by Mr. Nortelus.

**Unauthorized Hard Inquiry: JPMCB Card Services (August 11, 2025)**

19.     Experian's Disclosure shows a hard inquiry from JPMCB Card Services dated August 11, 2025, listed as "Credit card with 0 Months repayment terms." This inquiry is scheduled to remain on the report until September 2027.

20.     There is no JP Morgan Chase account of any kind appearing anywhere in Mr. Nortelus's Experian consumer file. No open, closed, or negative JP Morgan Chase tradeline was reported at the time of Mr. Nortelus's March 2026 disclosure.

21.     Under 15 U.S.C. § 1681b, a CRA may furnish a consumer report only for purposes enumerated in that section, including in connection with a credit transaction initiated by the consumer. A hard inquiry from a creditor with whom the consumer has no account and for whom no permissible purpose has been established is an impermissible inquiry that Experian should not have permitted or recorded as a hard inquiry on Mr. Nortelus's file.

22.     The presence of this hard inquiry on Mr. Nortelus's report is visible to any third party that pulls his Experian consumer report and may negatively affect his credit score and his perceived creditworthiness, as hard inquiries signal that a consumer has recently sought new credit.

## Experian's Knowledge and Systemic Conduct

23.     Experian is a sophisticated CRA with decades of experience compiling and furnishing consumer reports. Experian is fully aware of its statutory obligations under 15 U.S.C. § 1681e(b) to follow reasonable procedures to assure maximum possible accuracy.

24.     The errors described above are not isolated or anomalous. The reporting of a balance that exceeds the stated credit limit, the population of a static payment date across months of balance history, and the recording of hard inquiries that do not correspond to any open or closed account are systemic data integrity failures that Experian's own procedures should detect and correct before a consumer report is furnished to any third party.

25.     Experian's failure to maintain and apply reasonable procedures to catch these categories of error demonstrates either knowing disregard for the accuracy requirements of the FCRA or a reckless failure to implement procedures adequate to ensure that the reports it furnishes reflect accurate and consistent information.

## COUNT I

**Violation of 15 U.S.C. § 1681e(b) -- Failure to Follow Reasonable Procedures to Assure**

**Maximum Possible Accuracy**

**(Capital One Business Card, Account No. 511379XXXXXXXXXX)**

26.     Mr. Nortelus incorporates by reference paragraphs 1 through 25 as if fully set forth herein.

27.     Section 1681e(b) of the FCRA requires that whenever a CRA prepares a consumer report, it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

28.     Experian violated 15 U.S.C. § 1681e(b) by furnishing consumer reports regarding Mr. Nortelus that reflect a reported balance of $330 on the Capital One Business Card account (Account No. 511379XXXXXXXXXX) against a stated credit limit of $300. These two figures are internally inconsistent. A balance exceeding the stated credit limit is an inaccuracy on the face of the report that any reasonable procedure for data validation would detect and resolve before the report is furnished to a third party.

29.     Experian's failure to detect and correct this inaccuracy before furnishing the report to third parties demonstrates that Experian did not follow reasonable procedures to assure maximum possible accuracy with respect to the Capital One Business Card tradeline.

30.     As a direct and proximate result of Experian's failure, Mr. Nortelus has suffered actual damages in the form of harm to his credit reputation, interference with his ability to obtain credit on favorable terms, emotional distress, and time spent attempting to identify and address the inaccuracy in his file.

31.     Experian's violation was willful within the meaning of 15 U.S.C. § 1681n. Under

Safeco Insurance Co. of America v. Burr, 551 U.S. 47 (2007), a willful violation includes conduct that reflects reckless disregard of a statutory obligation. Experian's failure to maintain procedures capable of detecting a balance that exceeds the stated credit limit on the face of a single tradeline reflects reckless disregard of its obligation under 15 U.S.C. § 1681e(b), particularly given Experian's sophistication and its long-standing awareness of its FCRA obligations. Experian is therefore liable to Mr. Nortelus pursuant to 15 U.S.C. § 1681n for the greater of actual damages or statutory damages of not less than $100 and not more than $1,000, plus costs pursuant to 15 U.S.C. § 1681n(a)(3).

32.     Alternatively, if Experian's violation was negligent rather than willful, Experian is liable to Mr. Nortelus pursuant to 15 U.S.C. § 1681o for his actual damages plus costs pursuant to 15 U.S.C. § 1681o(a)(2).

## COUNT II

**Violation of 15 U.S.C. § 1681e(b) -- Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy**

**(Macys/Citibank NA, Account No. 603534XXXXXXXXXX)**

33.     Mr. Nortelus incorporates by reference paragraphs 1 through 25 as if fully set forth herein.

34.     Experian violated 15 U.S.C. § 1681e(b) by furnishing consumer reports regarding Mr. Nortelus that reflect inaccurate and internally inconsistent payment history data on the Macys/Citibank NA account (Account No. 603534XXXXXXXXXX).

35.     Specifically, Experian reported an identical payment date of November 22, 2024, in the payment field for every month from July 2024 through November 2025. This identical

date was applied retroactively to months that predate that date, including July, August, September, and October 2024, and to months in which the account simultaneously reflects outstanding balances and active delinquencies. A payment date of November 22, 2024 cannot accurately describe payment activity for July 2024, August 2024, September 2024, or October 2024.

36.     The population of a static, uniform payment date across seventeen months of balance history is not a record of actual payment-by-payment events. It is fabricated or default placeholder data that misrepresents the actual payment history of this account to any third party that receives the report.

37.     Experian's failure to detect and correct this systematic data error before furnishing the report to third parties demonstrates that Experian did not follow reasonable procedures to assure maximum possible accuracy with respect to the Macys/Citibank NA tradeline.

38.     As a direct and proximate result of Experian's failure, Mr. Nortelus has suffered actual damages in the form of harm to his credit reputation, interference with his ability to obtain credit on favorable terms, emotional distress, and time spent attempting to identify and address the inaccuracy in his file.

39.     Experian's violation was willful within the meaning of 15 U.S.C. § 1681n and Safeco Insurance Co. of America v. Burr, 551 U.S. 47 (2007). The reporting of a uniform payment date across seventeen months of history, including months that predate that date and months reflecting active delinquencies, is the kind of systemic data integrity failure that a sophisticated CRA acting with reasonable care would detect before furnishing any consumer report. Experian is therefore liable to Mr. Nortelus pursuant to 15 U.S.C. § 1681n for the greater of actual damages or statutory damages of not less than $100 and not more than $1,000, plus costs pursuant to 15 U.S.C. § 1681n(a)(3).

40. Alternatively, if Experian's violation was negligent rather than willful, Experian is liable to Mr. Nortelus pursuant to 15 U.S.C. § 1681o for his actual damages plus costs pursuant to 15 U.S.C. § 1681o(a)(2).

## COUNT III

### Violation of 15 U.S.C. § 1681b -- Unauthorized Hard Inquiry

### (JPMCB Card Services, August 11, 2025)

41. Mr. Nortelus incorporates by reference paragraphs 1 through 25 as if fully set forth herein.

42. 15 U.S.C. § 1681b limits the circumstances under which a CRA may furnish a consumer report. A CRA may furnish a consumer report in connection with a credit transaction involving the consumer only where the consumer has initiated that transaction or otherwise provided a permissible purpose.

43. Experian's Disclosure reflects a hard inquiry from JPMCB Card Services dated August 11, 2025. This inquiry appears on the consumer report that Experian furnishes to third parties and is visible to any entity that pulls Mr. Nortelus's Experian report.

44. There is no JP Morgan Chase account of any kind -- open, closed, or charged off -- appearing in Mr. Nortelus's Experian consumer file. The absence of any corresponding account for the JPMCB Card Services inquiry raises a plausible inference that no permissible purpose existed for this inquiry, or that Experian recorded and reported this inquiry without adequately verifying the existence of a permissible purpose.

45. The recording and reporting of a hard inquiry from a creditor for whom no permissible purpose has been demonstrated constitutes a violation of 15 U.S.C. § 1681b. Every

time Experian furnishes Mr. Nortelus's consumer report to a third party with this inquiry visible, that third party sees an additional recent credit application that Mr. Nortelus did not make or that was not authorized, which may negatively affect his perceived creditworthiness and credit score.

46.    As a direct and proximate result of Experian's failure, Mr. Nortelus has suffered actual damages in the form of harm to his credit reputation, a potential reduction in his credit score, and interference with his ability to obtain credit on favorable terms.

47.    Experian's violation was willful within the meaning of 15 U.S.C. § 1681n and Safeco Insurance Co. of America v. Burr, 551 U.S. 47 (2007). Experian is therefore liable to Mr. Nortelus pursuant to 15 U.S.C. § 1681n for the greater of actual damages or statutory damages of not less than $100 and not more than $1,000, plus costs pursuant to 15 U.S.C. § 1681n(a)(3).

48.    Alternatively, if Experian's violation was negligent rather than willful, Experian is liable to Mr. Nortelus pursuant to 15 U.S.C. § 1681o for his actual damages plus costs pursuant to 15 U.S.C. § 1681o(a)(2).

## STANDING

49.    Mr. Nortelus has Article III standing to bring this action. Experian has furnished and continues to furnish consumer reports containing the inaccurate tradelines and unauthorized inquiry described above to third parties, including lenders and creditors. The dissemination of inaccurate and unauthorized information about Mr. Nortelus to third parties constitutes a concrete injury to a legally protected interest under TransUnion LLC v. Ramirez, 594 U.S. 413 (2021), because it is analogous to the reputational and informational harms recognized at common law through claims such as defamation. Mr. Nortelus's injury is particularized, traceable to Experian's conduct, and redressable by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Nortelus respectfully requests that this Court enter judgment against Experian Information Solutions, Inc. as follows:

a.  Actual damages pursuant to 15 U.S.C. § 1681n(a)(1)(A) or 15 U.S.C. § 1681o(a)(1);

b.  Statutory damages of not less than $100 and not more than $1,000 per violation pursuant to 15 U.S.C. § 1681n(a)(1)(A);

c.  Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

d.  Costs of suit pursuant to 15 U.S.C. § 1681n(a)(3) and/or 15 U.S.C. § 1681o(a)(2); and

e.  Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Mr. Nortelus demands a trial by jury on all issues so triable.

Respectfully submitted,

Andy Francois Nortelus

585 Mountain Ave

Revere, MA 02151

Pro Se Plaintiff